IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00329-WCM

| | |
|---|---|
| SIERRA CATLIN ANDERSON, ) ) Plaintiff, ) ) v. ) ) COMMISSIONER OF THE SOCIAL ) SECURITY ADMINISTRATION, ) ) Defendant. ) _____ ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 19, 22).[1]

I. Procedural Background

In August of 2018, Plaintiff Sierra Catlin Anderson ("Plaintiff") filed applications for disability insurance benefits and supplemental security income, alleging disability beginning July 1, 2006. Transcript of the Administrative Record ("AR") 248-251; 252-260.

On February 5, 2020, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued

---

[1] The parties have consented to the disposition of this case by a United States Magistrate Judge. Docs. 15,17.

1

an unfavorable decision. AR 7-28. That decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "post-traumatic stress disorder ('PTSD'); attention deficit hyperactivity disorder ('ADHD'); depression; anxiety; neuropathy; hypermobility; migraines." AR 13. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform medium work…except frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; occasionally climb ladders, ropes, or scaffolds; avoid concentrated exposure to hazards; can perform simple, routine, repetitive work; can perform jobs up to and including a reasoning level of 3; must perform low-stress work, defined as non-production work, with no fast-paced work such as an assembly line where one must produce a product in a high-speed manner; no public contact; occasional contact with coworkers; jobs should require dealing with things rather than people; occasional decision-making and occasional changes in work setting; is able to perform work on a sustained basis, eight hours per day, five days per week, in two hour increments with normal breaks, subject to the above limitations.
>
> AR 15-16.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 22-23.

### III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ failed to explain adequately his conclusions that Plaintiff had moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. Additionally, Plaintiff argues that the ALJ erred when developing her RFC because the ALJ used an improper regulatory framework, failed to explain adequately his treatment of certain evidence, and failed to address Plaintiff's capacity to perform relevant functions. Finally, Plaintiff argues that the ALJ erred when evaluating Plaintiff's subjective complaints.

### IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe

3

Case 1:20-cv-00329-WCM   Document 24   Filed 03/08/22   Page 3 of 8

v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

A. Plaintiff's RFC

Regarding the development of her RFC, Plaintiff contends, among other things, that the ALJ failed to consider an April 25, 2019 decision by the North Carolina Department of Health and Human Services ("NCDHHS") that found

4

Plaintiff was disabled and entitled to Medicaid benefits. See AR 268-271 (the "NCDHHS Determination").

The regulations require an ALJ who is analyzing applications filed prior to March 27, 2017 to "evaluate all the evidence in the case record that may have a bearing on [the Commissioner's] determination or decision of disability, including decisions by other governmental and nongovernmental agencies." SSR 06–03P, 2006 WL 2329939. In Woods v. Berryhill, 888 F.3d 686, 691-692 (4th Cir. 2018), the Fourth Circuit explained that an ALJ should afford substantial weight to a decision by the NCDHHS that finds a claimant to be disabled, or, alternatively, set forth persuasive, specific, and valid reasons supported by the record for not doing so. See also Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012) (disability determinations by the Veterans Administration).

For applications filed on or after March 27, 2017, such as Plaintiff's, the Administration has changed how ALJs assess decisions by other governmental agencies and nongovernmental entities. See 20 C.F.R. §§ 404.1504; 416.904. The regulations now provide:

> Other governmental agencies and nongovernmental entities—such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers—make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using

5

> their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim….

Id.

In a footnote in Woods, the Fourth Circuit stated that under these revised regulations, "ALJs must still consider the existence of disability decisions by other governmental or nongovernmental entities, and any evidence underlying those decisions, but are no longer required 'to provide written analysis about how they consider the decisions from other governmental agencies.'" Woods, 888 F.3d at 691 n. 1.

Here, it appears that the NCDHHS Determination was based, in part, on the findings of Dr. Todd Morton, who conducted a consultative psychological examination of Plaintiff in 2016 (AR 268-271), and the findings of Dr. Susan Hill, who conducted a psychological assessment of Plaintiff in 2018 (AR 853-873). Although the ALJ's decision discussed the findings of Dr. Morton and Dr.

Hill, it did not acknowledge or reference the NCDHHS Determination itself.[2] While the ALJ was not compelled to analyze the NCDHHS Determination, the ALJ was required to "consider the existence" of that Determination. Because it is not clear from the current record whether the ALJ did so here, remand is warranted. See Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence"); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at *6 (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion").

### B. Plaintiff's Other Allegations of Error

Plaintiff has presented multiple other allegations of error. Because the undersigned finds that remand, as set forth above with respect to the NCDHHS Determination is appropriate, it is not necessary to reach Plaintiff's other arguments.

---

[2] The NCDHHS Determination was included in the administrative record, and Plaintiff's counsel pointed to the Determination during the administrative hearing. See AR 268-271; AR 39.

## VI. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 19) is **GRANTED**, and the Commissioner's Motion for Summary Judgment (Doc. 22) is **DENIED**. The Commissioner's decision is hereby **REVERSED** for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is respectfully directed to enter a separate judgment of remand, thereby closing the case.

Signed: March 8, 2022

W. Carleton Metcalf
United States Magistrate Judge